# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs October 27, 2010

## IN THE MATTER OF: MICHAEL C. M., SHANIA M. J., and JANIA M. J.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-09-1583-2      Arnold B. Goldin, Chancellor**

---

**No. W2010-01511-COA-R3-PT - Filed November 5, 2010**

---

The trial court terminated Father's parental rights upon a finding of abandonment and upon determining termination was in the best interests of the children. Father appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Michael C. M., Sr.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Marcie E. Greene, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

## MEMORANDUM OPINION[1]

This is a termination of parental rights case. Following a hearing on June 14, 2010, the Chancery Court for Shelby County terminated the parental rights of Michael C. M., Sr. ("Father") to three minor children, Michael C. M., Shania M. J., and Jania M. J., upon

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

finding Father had abandoned the children by willfully failing to visit or support them. The trial court further found that termination of Father's parental rights was in the children's best interest. The trial court entered final judgment in the matter on July 6, 2010, and Father filed a timely notice of appeal to this Court. On appeal, Father asserts that the trial court erred in determining that termination of his parental rights is in the children's best interests.

### *Standard of Review*

We review the decisions of a trial court sitting without a jury *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact, unless the evidence preponderates otherwise. *In Re: Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002); Tenn. R. App. P. 13(d). No presumption of correctness attaches, however, to a trial court's conclusions on issues of law. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

Tennessee Code Annotated section 36-1-113 governs the termination of parental rights. The Code provides, in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Tenn. Code Ann. § 36-1-113(c)(2010). Thus, every termination case requires the court to determine whether the parent whose rights are at issue has chosen a course of action, or inaction, as the case may be, that constitutes one of the statutory grounds for termination. The State may not deprive a parent of their fundamental right to the custody and control of their child unless clear and convincing evidence supports a finding that a statutory ground for termination exists and that termination is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c)(2010). Although the "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, it does not require the certainty demanded by the "beyond a reasonable doubt" standard. *In Re: M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). Clear and convincing evidence is evidence that eliminates any substantial doubt and that produces in the fact-finder's mind a firm conviction as to the truth. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Id.*

The heightened burden of proof in parental termination cases requires us to distinguish

between the trial court's findings with respect to specific facts and the "combined weight of these facts." *In Re: M.J.B.*, 140 S.W.3d 643, 654 n. 35 (citations omitted). Although we presume the trial court's specific findings of fact to be correct if they are supported by a preponderance of the evidence, "we are the ones who must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion." *Id.* With this standard of review in mind, we turn to whether the trial court's conclusion that termination of Father's parental rights is in the best interests of the children is supported by clear and convincing evidence in the record.

### *Discussion*

Father and Shannon M. J. ("Mother") are the unmarried parents of Michael C. M. (born 2/21/2002), and Shania M. J. and Jania M. J. (born 6/12/2004). Father legitimated Michael in May 2003. No father is named on the birth certificates of Shania or Jania, but Father admits paternity.

In May 2007, the Juvenile Court for Shelby County placed the children in protective custody following a referral from Le Bonheur Hospital and upon finding that Jania had been brought to Le Bonheur with burns on her hands, as if they had been placed in hot water, and that Mother stated that she did not know how Jania's hands were burned. Both Jania and Shania had welts and bruises on their backs, and Mother reported whipping them with a belt in her efforts to toilet train them. The children were placed in the custody of a non-relative, Jennifer Davis (Ms. Davis). In May 2008, the children were placed in the custody of the Department of Children's Services (DCS) after the court determined that Ms. Davis had been evicted from her home but did not take the children with her. In June 2009, the juvenile court entered an order directing Father to pay child support to the State.

In July 2009, DCS filed a petition to terminate the parental rights of Mother and Father. Mother surrendered all parental rights in June 2010, and the trial court dismissed the petition against her. The trial court terminated Father's parental rights based on a finding of abandonment, and Father does not assert the trial court erred in finding abandonment as a ground for termination. Father contends, however, that the trial court erred in finding that termination is in the children's best interests.

In his brief to this Court, Father asserts that, although DCS sought to prove that he lived in an unsafe environment that had been the scene of a shooting, he testified that he no longer lived at that address. Father asserts that there is no evidence that his current home, where he resides with his girlfriend and her two children, poses a danger to the children. He asserts that there was no proof at the hearing of this matter that a change of physical environment would be harmful to the children.

Upon review of the record, we agree with the trial court that clear and convincing evidence establishes that termination of Father's parental rights is in the children's best interests. As noted, Father does not assert that the trial court erred in determining that he abandoned these children. The record reflects that Father visited the children three times in the two years prior to the termination hearing, that he failed to visit when scheduled, and that he did not provide any financial support. Additionally, Father testified that he does not work; that he suffers from unspecified mental illness; that he was last arrested for drugs in "'09 or something"; that he has been arrested twice on charges of domestic violence; and that he has lost his driver's license for an undisclosed reason.

The record further reflects that, since coming into DCS custody in 2008, the children have resided continuously in a stable foster home that the trial court identified as a pre-adoptive home. The children's foster mother testified that the children

> are not the same children who came to my house. They have truly outgrown a lot of their [previously violent] environment. . . . I think those kids would have a good chance to get somewhere and really be[ ] very productive. . . .
> . . . .
> . . . . I don't know how long they can hold that if they went right back to where they were.

We agree with the trial court that termination of Father's parental rights is in the children's best interest.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant.

_____
DAVID R. FARMER, JUDGE